# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| RODERICK HARRIS, JOHN MAY, DERRICK DUNLAP, GEORGE WYNN and ANDREW CARRIER<br><br>*Plaintiffs*,<br><br>v.<br><br>BMW of North America, LLC,<br><br>*Defendant*. | § § § § § § § § § § § | CIVIL ACTION NO.  4:19-CV-00016<br>Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion to Preclude Defendant's Proposed Witnesses James Aguilar and David Kaiser from Testifying at Trial (Dkt. #114).  Having considered the motion and the relevant pleadings, the Court finds that the motion should be denied.

## BACKGROUND

Plaintiffs are purchasers of BMW vehicles. Defendant, BMW of North America, LLC, is a Delaware limited liability company and the wholesale distributor of BMW vehicles sold in North America. Specifically, Defendant is engaged in the business of importing, assembling, marketing, distributing, and warranting BMW vehicles that are ultimately sold or leased in North America. Defendant does not itself sell or lease BMW vehicles; instead, it leaves the business of selling or leasing BMW vehicles to its network of regional and local BMW dealers.

Plaintiffs each own a BMW vehicle equipped with a V8, twin-turbocharged engine, referred to as the "N63." BMW released the N63 in 2008, advertising it as the next generation high performance engine designed for certain BMW vehicles, including 5 series, 6 series, 7 series, X5,

and X6 models produced from 2009–2014. Vehicles equipped with the N63 have allegedly experienced a variety of problems since the engine's release in 2008. In particular, purchasers of N63-powered vehicles, including Plaintiffs, claim that the N63 consumes excessive amounts of engine oil, requiring frequent oil changes and engine repairs. And this alleged oil consumption defect, Plaintiffs claim, has diminished the value of their vehicles.

In the operative Complaint, Plaintiffs assert multiple grounds for relief. First, Plaintiffs claim that Defendant made and subsequently breached express and implied warranties as to each vehicle. Second, Plaintiffs claim that Defendant's breach of warranty and failure to disclose the engine defects despite having knowledge of the defects constituted deceptive trade practices under the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA").

On June 8, 2021, Plaintiffs filed the present motion (Dkt. #114). On June 22, 2021, Defendant filed a response (Dkt. #122). On June 25, 2021, Plaintiffs filed a reply (Dkt. #133).

## LEGAL STANDARD

A party who has made a disclosure under Federal Rule of Civil Procedure 26(a), must supplement, or correct its disclosure or response:

> in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing

FED. R. CIV. P. 26(e)(1)(A). Rule 37(c) allows evidence that was not properly or timely disclosed to be excluded if:

> [a] party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed.

FED. R. CIV. P. 37(c).  In determining the propriety of excluding evidence under Rule 37(c)(1), the Court considers four factors: (1) the party's explanation for its failure to disclose evidence; (2) the prejudice, if any, to the party opposing the admission of the evidence; (3) the possibility of curing any prejudice with a continuance; and (4) the importance of the evidence. *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996).

## ANALYSIS

Plaintiffs ask the Court to preclude Defendant's proposed witnesses James Aguilar ("Aguilar") and David Kaiser ("Kaiser") (collectively, the "Witnesses") from testifying at trial. Plaintiffs seek this preclusion under Federal Rule of Civil Procedure 37(c)(1) "because [Defendant] failed to identify Mr. Aguilar or Mr. Kaiser in its Rule 26(a) and 26(e) disclosures, and because [Defendant's] failure to disclose was not substantially justified or harmless" (Dkt. #114 at p. 4).

Defendant responds that preclusion of the Witnesses is improper because "Mr. Aguilar and Mr. Kaiser were otherwise made known to Plaintiffs throughout the discovery process[,]" which made supplementation of Defendant's Rule 26 disclosures unnecessary (Dkt. #122 at p. 3). Defendant alternatively claims that "any error by Defendant" in not disclosing Aguilar or Kaiser "was harmless" (Dkt. #122 at p. 4).

As noted above, the Court considers four factors in determining whether evidence, including undisclosed witnesses, should be excluded from trial. *See Barrett*, 95 F.3d at 380. The Court will address each factor in turn.

### I. Defendant's Explanation for its Failure to Disclose Evidence

The Court first considers Defendant's explanation for the failure to disclose the Witnesses. Defendant contends that it "has a reasonable explanation that the witnesses were not disclosed,

3

since their vehicle inspection reports were not conducted when Defendant made its initial disclosures or any amendments and supplements thereto" (Dkt. #122 at p. 4). Defendant also asserts that "there is no indication of bad faith on Defendant's part, given that it promptly disclosed the vehicle inspection reports to Plaintiffs" (Dkt. #122 at p. 5).

The Court finds Defendant's explanation unreasonable under the circumstances. At the time Defendant made its initial disclosures, made on March 2, 2020, and the supplements thereto on August 19, 2020 and November 6, 2020, Aguilar and Kaiser had not completed the vehicle inspections. However, Aguilar and Kaiser completed their inspections on February 10 and February 11, 2021—over three months before Defendant circulated its updated Exhibit List with Aguilar and Kaiser included as potential witnesses (*see* Dkt. #114, Exhibit 1 at p. 2). Defendant offers no explanation for this delay, but instead relies upon the attachment of the inspection reports to the supplemental disclosure of Defendant's expert Michael Murray to support the contention that Plaintiffs should have known Aguilar and Kaiser might testify. However, the Court agrees with Plaintiffs that merely including the inspection reports as an exhibit to a supplemental expert report does not sufficiently inform Plaintiffs that Aguilar and Kaiser were potential witnesses.

In accordance with the foregoing, the Court finds this factor weighs in favor of precluding Aguilar and Kaiser from testifying at trial.

## II. Prejudice to Plaintiffs if Evidence is Admitted

Next, the Court considers "the prejudice, if any, to the party opposing the admission of the evidence." *Barrett,* 95 F.3d at 380. Plaintiffs argue that they "will be greatly prejudiced if Mr. Aguilar and Mr. Kaiser are allowed to testify where [Defendant] failed to properly disclose the witnesses and thwarted Plaintiffs' efforts to take depositions" (Dkt. #114 at p. 5).

Defendant responds that "Plaintiffs' contention that they would be prejudiced if Mr. Aguilar and Mr. Kaiser were permitted to testify at trial is unfounded" because "Mr. Aguilar and Mr. Kaiser would only be called at trial to address the inspections they reported on . . . which have been in Plaintiffs' possession since April" (Dkt. #122 at p. 4).

Following the filing of Plaintiffs' motion, the Court extended the trial date in this case from July 12, 2021 to January 18, 2022. Thus, any remaining discovery issues, including the taking of additional depositions, can certainly occur during the interim.Plaintiffs' argument as to why prejudice will result therefore is moot, and this factor weighs in favor of allowing Aguilar and Kaiser to testify at trial.

### III. The Possibility of Curing Any Prejudice with a Continuance

The Court now considers "the possibility of curing any prejudice with continuance." *Barrett,* 95 F.3d at 380. As noted above, a continuance in the case has been granted since the filing of Plaintiffs' motion. Due to the continuance granted in the case, no prejudice to Plaintiffs exists. This factor therefore weighs in favor of allowing Aguilar and Kaiser to testify at trial.

### IV. The Importance of the Evidence

Finally, the Court considers "the importance of the evidence." *Barrett,* 95 F.3d at 380. Regarding this factor, Plaintiffs argue that "the only relevant information these individuals might possess is contained within the documented vehicle inspection reports and there is no actual need for these witnesses to testify at trial" (Dkt. #114 at p. 5).

Defendant asserts that the testimony of Aguilar and Kaiser is necessary because the witnesses "are in the best position to discuss the information contained within the inspection reports, since they are the ones who conducted the inspections and prepared the reports" (Dkt. #122 at p. 4).

The Court agrees that the testimony of the witnesses is important if Defendant seeks to introduce the vehicle inspection reports. Because Aguilar and Kaiser authored the reports, such information may, presumably, properly be admitted at trial through their testimony. As noted by Plaintiff, the disclosure of the reports as an exhibit to Defendant's supplemental expert disclosure "[a]t most . . . says that [Defendant's] proposed expert . . . would attempt to rely on hearsay reports prepared by others" (Dkt. #133 at p. 2). The reports are only hearsay, however, if they are testified-to by a witness who did not author the reports. Because inspection reports are certainly relevant in a breach-of-warranty case, and because the reports were authored by the witnesses sought to be allowed to testify, the Court finds this factor weighs in favor of permitting Aguilar and Kaiser to testify at trial.

Defendant's explanation as to the non-disclosure of the Witnesses is unreasonable under the circumstances. However, due to the approximate six-month extension of the trial date, Plaintiffs have not, and will not, suffer prejudice if the Witnesses testify. Further, the testimony of Aguilar and Kaiser is important due to their involvement in writing the inspection reports. Thus, after considering the factors outlined in *Barrett*, the Court finds Plaintiffs' motion should be denied.

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Motion to Preclude Defendant's Proposed Witnesses James Aguilar and David Kaiser from Testifying at Trial (Dkt. #114) is hereby **DENIED.**

**IT IS SO ORDERED.**
**SIGNED this 2nd day of August, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE