# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| RODERICK HARRIS, JOHN MAY, DERRICK DUNLAP, GEORGE WYNN and ANDREW CARRIER<br><br>*Plaintiffs*,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>*Defendant*. | Civil Action No. 4:19-CV-00016<br>Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Supplemental Motion *in Limine* to Exclude Irrelevant and Inadmissible Service Information Bulletin (Dkt. #144). Having considered the motion, the relevant pleadings, and the arguments presented at the pretrial conference, the Court finds the motion should be **GRANTED**.

## BACKGROUND

The facts of this case have been fully set out in the Court's prior opinions (*see* Dkts. #96–98). Highly summarized, Plaintiffs are five purchasers of BMW vehicles. Defendant, BMW of North America, LLC, is engaged in the business of importing, assembling, marketing, distributing, and warranting BMW vehicles that are ultimately sold or leased in North America.

Plaintiffs each own, or previously owned, a BMW vehicle equipped with a V8, twin-turbocharged engine, referred to as the "N63." The N63 is the subject of the parties' dispute. BMW released the N63 in 2008, advertising it as the next generation high performance engine designed for certain BMW vehicles, including 5 series, 6 series, 7 series, X5, and X6 models produced from 2009 to 2014. Vehicles equipped with the N63 have allegedly experienced a variety of problems

since the engine's release in 2008. In particular, purchasers of N63-powered vehicles, including Plaintiffs, claim that the N63 consumes excessive amounts of engine oil, requiring frequent oil changes and engine repairs. Plaintiffs claim this alleged oil consumption defect has diminished the value of their vehicles.

Plaintiffs filed the present motion in limine (Dkt. #144) seeking to exclude from evidence a document known as Service Information Bulletin 11 05 84 (the "1984 Bulletin"). This document memorializes BMW's oil consumption specification (or "spec") and diagnostic procedures for evaluating the causes of excessive oil consumption in certain BMW vehicles. Notably, BMW first issued this bulletin in 1984, prior to the production of the N63 engine, which BMW introduced to market in 2008. The 1984 Bulletin expressly states that four- and six-cylinder engines have a 750 miles per quart maximum permissible oil consumption but does not "by its terms" refer to V8 charged engines like the N63 (Dkt. #151 at p. 5). The 1984 Bulletin was updated in May 2013 (the "2013 Bulletin") and now addresses the V8 N63 engine specifically. Plaintiffs do not seek to exclude the 2013 Bulletin.

BMW responded to the motion on December 23, 2021 (Dkt. #151), and Plaintiffs filed their reply on December 29, 2021 (Dkt. #152). At the parties' telephonic pre-trial conference on January 5, 2022, the Court heard arguments regarding the motion.

## LEGAL STANDARD

"The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Harkness v. Bauhaus U.S.A., Inc.*, 2015 WL 631512, at *1 (N.D. Miss. Feb. 13, 2015). "The Fifth Circuit has observed that '[m]otions in limine are frequently made in the abstract and in anticipation of some hypothetical circumstance that may not develop at trial.'" *Brown v. Carr*, No. CIV.A. C-04-471, 2008 WL 167313, at *1

(S.D. Tex. Jan. 16, 2008) (quoting *Collins v. Wayne Corp.*, 621 F.2d 777, 784 (5th Cir. 1980)). "Evidentiary rulings, especially those addressing broad classes of evidence, should often be deferred until trial so that questions of foundation, relevancy and potential prejudice can be resolved in proper context." *Id.* (citing *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975)). Finally, "[t]he purpose of motions *in limine* is not to re-iterate matters which are set forth elsewhere in the Rules of Civil Procedure or Rules of Evidence, but, rather, to identify *specific* issues which are likely to arise at trial, and which, due to their complexity or potentially prejudicial nature, are best addressed in the context of a motion *in limine*." *Maggette v. BL Dev. Corp.*, 2011 WL 2134578, at *4 (N.D. Miss. May 21, 2011) (emphasis in original).

## ANALYSIS

Plaintiffs seek exclusion of the 1984 Bulletin on the grounds that it is irrelevant under Federal Rules of Evidence 401 and 402 because it does not apply to the N63 engine. For the same reason, Plaintiffs also submit that the Court should exclude the 1984 Bulletin under Rule 403, as "any probative value [the 1984 Bulletin] could possibly have . . . would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury" (Dkt. #114 at p. 2).

BMW responds that the 1984 Bulletin is relevant because the oil consumption specifications and diagnostic procedures contained therein "were nonetheless applicable to N63-equipped vehicles until the bulletin was updated in May 2013" (Dkt. #151 at pp. 1–2). BMW further contends that the 2013 Bulletin "did not change the oil consumption spec," meaning that the same specs and diagnostic procedures enumerated in the 1984 Bulletin have been consistently applied to all non-motorsport BMW vehicles since the 1984 Bulletin issued (Dkt. #151 at p. 2).

The Court finds that, even if the 1984 Bulletin is relevant in certain contexts pertaining to this case, "its probative value is substantially outweighed by a danger of" unfair prejudice, confusing the issues, or misleading the jury. FED. R. EVID. 403. First, the probative value of the 1984 Bulletin is minimal. The 1984 Bulletin does not directly apply to the N63 engine, whereas the 2013 Bulletin does. Further, each of the Plaintiffs bought their respective BMW vehicles after 2013 when the bulletin had been updated to specifically address the V8 charged engine like that in the N63. If the Court unconditionally admits the 1984 Bulletin, it risks misleading the jury to believe that BMW vehicles designed with completely different engines all require the same amount of oil and consume it in the same manner.

Second, even if, as BMW claims, the 2013 Bulletin did not change the oil consumption spec of 1 quart per 750 miles, the 1984 Bulletin should be excluded. "In reaching a decision whether to exclude on grounds of unfair prejudice, . . . [t]he availability of other means of proof may [] be an appropriate factor." FED. R. EVID. 403, Notes of Advisory Committee. If BMW's contentions are accurate, then any probative value the 1984 Bulletin provides can be provided by the 2013 Bulletin without the risks of prejudice or confusion.

To avoid confusion of the issues between the bulletins, the engines, and the other technical aspects of this case, the Court limits BMW to presenting to the jury the more applicable 2013 Bulletin, rather than the historic, and particularly less probative 1984 Bulletin.

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Supplemental Motion *in Limine* to Exclude Irrelevant and Inadmissible Service Information Bulletin (Dkt. #144) is **GRANTED**. If Defendant

BMW wishes to introduce evidence directly or indirectly related to the 1984 Bulletin, it must first approach the Court's bench.

**IT IS SO ORDERED**.
**SIGNED this 12th day of January, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE